SNOW & FARNHAM *vs.* EDWIN A. SMITH.

MERIDEN CUTLERY CO. *vs.* SAME.

HORACE A. CARPENTER *vs.* SAME.

RUECKERT MFG. CO. *vs.* SAME.

J. C. TAYLOR *vs.* SAME.

A. T. WALL CO. *vs.* SAME.

JUNE 28, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Abatement and Survival.   Liability of Directors.   Corporations.*

Actions on the case under Gen. Laws, 1909, cap. 214, imposing liability for corporate debts upon officers and directors of corporations, do not survive the death of the defendant.

TRESPASS ON THE CASE under Gen. Laws, 1909, cap. 214. Heard on exceptions of plaintiff and overruled.

SWEENEY, J. These are actions on the case brought under authority of Chapter 214, General Laws, 1909, which imposed a liability for corporate debts upon the officers and

directors of manufacturing corporations who failed to comply with certain requirements therein specified.

The several declarations allege that at the time when the Manchester Manufacturing Company, a Rhode Island corporation, ceased to do business it was indebted to each of the plaintiffs in a certain amount for goods sold and delivered.

It is further alleged that under the administration of the directors, of which the defendant was one, the indebtedness of said corporation was allowed to exceed the amount of its capital stock actually paid in and continued to exceed that amount until it ceased to do business; and that its indebtedness to the several plaintiffs was existing, or was contracted, when the said company was indebted to said amount in excess of its capital stock paid in.

It is also alleged that the defendant, as an officer and director of the Manchester Manufacturing Company, failed to have filed in the proper office the certificate required by said Chapter 214, stating that all of its capital stock had been paid in; that no such certificate was ever filed; and that the indebtedness to the several plaintiffs was incurred while the defendant continued to be such officer and director.

During the pendency of these cases, the defendant died testate and when the plaintiffs summoned the executor in to defend, the latter demurred to the declarations and also moved to dismiss the cases on the ground that they did not survive the death of the defendant. The demurrers were sustained by the Superior Court and the plaintiffs have brought their bills of exceptions to this court.

(1) The only question raised by the exceptions is whether these cases survive the death of the defendant Smith.

The defense relies upon the case of *Moies* v. *Sprague,* 9 R. I. 541, and the plaintiffs concede that it covers the point at issue here.

*Moies* v. *Sprague, supra,* was an action brought against the administrator of the estate of a man who had been a director and president of the Union Horse Shoe Company,

a Rhode Island manufacturing corporation, and was based on four promissory notes made by that corporation and held by the plaintiff. The second count charged the deceased with liability as a director for violation of the same section of the statute as that on which the first two counts of the declarations in the present actions are based. The third count likewise charged the deceased with liability under the same sections which are relied upon in the third and fourth counts in the present actions. The court held that the action did not survive. A reargument of the case failed to convince the court that its decision ought to be either reversed or modified.

The plaintiffs claim, however, that the language employed by this court in other and more recent cases has so weakened that case that it can no longer be regarded as an authority; and in this connection they cite *Mott Iron Works* v. *Arnold*, 35 R. I. 456, *Bullowa* v. *Gladding*, 40 R. I. 147, and *Baker* v. *Smith*, 41 R. I. 17.

The plaintiffs admit in their brief that *Mott Iron Works* v. *Arnold* is not decisive of the merits of the cases at bar, but they quote from the opinion of the court in that case to the effect that the liability imposed on officers and directors by the statute is in the nature of the liability of sureties and as such is *stricti juris* and therefore subject to a strict construction, and from this they claim that the court meant that the cause of action thus created is in contract and not in tort. We can neither follow this argument nor adopt the conclusion to which it leads. This liability may be in the nature of the liability of sureties, in so far as it compels the delinquent officer or director, under certain conditions, to satisfy a creditor's claim, but it is nevertheless a liability imposed by statute. It is founded upon the misconduct or delinquency of the officer or director and not upon any liability assumed by him which is an essential element in contract.

In the case of *Baker* v. *Smith, supra,* the defendant contended that under Section 8, Chapter 357, General Laws, 1909, entitled "Of Fines, Penalties and Forfeitures," the

plaintiff would be barred from recovering for any indebtedness incurred more than two years prior to the date of his writ. Upon that point this court said: "If the statute in question is penal in character it is not penal in the same sense as a criminal statute is penal," and further quoting from 2 Thompson on Corporations, 2nd Ed., Section 1326, "Whatever may be said of the penal nature of these statutes . . . they are not penal in the strict and proper sense applied to statutes imposing punishment for offenses against the state. . . . With reference to their nature and construction, the better, and undoubtedly the correct rule is that they are penal as to their construction and remedial as respects creditors."

While these two cases, *Mott Iron Works* v. *Arnold* and *Baker* v. *Smith*, are similar to the cases at bar in some respects, the question of the survivorship of the actions was not involved and the question whether the cause of action was in contract or tort was not raised, discussed nor decided.

In the case of *Bullowa* v. *Gladding, supra,* this court held that an action for deceit in causing the plaintiff to purchase shares of worthless stock survived the death of the defendant, it being an action for damages as to the plaintiff's personal estate and therefore within the statute of survivorship. The whole cause of action was based on a direct property loss imposed upon the plaintiff. The present cases are not brought for damages to the personal estates of the plaintiffs, they are based on the violation of a statute which carries with it a right of action to creditors. We find nothing in these cases which can fairly be said to modify or change the rule of law established in *Moies* v. *Sprague.*

The exceptions of the several plaintiffs to the decision of the Superior Court sustaining the demurrers of the defendant executor to the declarations of the several plaintiffs are overruled and the cases are remitted to said Superior Court for further proceedings.

*Edward C. Stiness, Daniel H. Morrissey, Christopher J. Brennan, for plaintiffs.*

*Gardner, Moss & Haslam,* for defendants.